**UNITED STATE BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In Re:

James Alexander C. Carr                                     Case 21-11894-KHK
                                                            Chapter 7
     Debtor.

_____

Anne Defot-Sido,

     Plaintiff
v.                                                          A.P. 22-01007-KHK


James Alexander C. Carr and
Veronica Marie Carr

     Defendants

_____


**<u>Memorandum Opinion</u>**

     The matters before the Court are: (i) the Amended Motion to Partially Dismiss Amended Complaint (Doc. No. 49) (the "Motion to Dismiss") filed by James Alexander C. Carr ("Mr. Carr", or the "Debtor"); (ii) the Motion to Adopt and Conform to James Carr's Motion to Partially Dismiss Amended Complaint (Doc. No. 45) filed by Veronica M. Carr; and (iii) the Motion to Dismiss Counterclaim (Doc. No. 54) filed by Anne Defot-Sido; and the various responses thereto. A hearing was held on July 13, 2022, at the conclusion of which the Court took these matters under advisement. For the reasons that follow, the Court will (i) grant Ms. Carr's Motion to Adopt and Conform to James Carr's Motion, thereby deeming Mr. Carr's arguments to be also asserted by Ms. Carr, (ii) grant the Motion to Dismiss Counterclaim, and (iii) grant the Motion to Partially Dismiss Amended Complaint with respect to Counts One, Two, Three, Five, Six and Seven.

**Procedural Background**

On November 17, 2021, Mr. Carr filed a petition under chapter 7 of the Bankruptcy Code.

On February 18, 2022, Ms. Defot-Sido filed the original nine-count adversary Complaint (Doc.

No. 1) against Mr. Carr and Ms. Carr seeking damages for alleged violations of the Virginia

Consumer Protection Act, fraud, as well as asserting fraudulent conveyance actions under Virginia

law, among other requests for relief.  The Amended Complaint (Doc. No. 37) arose out of two

contracts for a renovation of Ms. Defot-Sido's residence: one for the upper level (Doc. No. 37-1,

pp. 20-23) (the "Upper Floor Contract"), and one for the main floor (Doc. No. 37-1, pp. 26-31)

(the "Main Floor Contract").  A dispute exists between the parties as to whether Mr. Carr or an

entity he owns, Passive Building, LLC, is the contract counterparty.

Following a hearing on May 3, 2022 on Mr. and Ms. Carr's Motions to Dismiss Adversary

Proceeding (Doc. Nos. 11 and 24), the Court: 1) dismissed Counts One, Two, Three, Five and Six

as to all parties, with leave to amend; and 2) dismissed Counts Seven, Eight and Nine with

prejudice as to all parties.  The Court found that Count Four of the Original Complaint had been

sufficiently pled and denied the Motions with respect to Count Four.

On May 17, 2022, Ms. Defot-Sido filed her Amended Complaint.  (Doc. No. 37)[1].  Thereafter,

Mr. Carr filed his Answer to the Amended Complaint (Doc. No. 43) and asserted a counterclaim

for breach of contract against Ms. Defot-Sido.  On the same day, Mr. Carr filed his Motion to

Partially Dismiss the Amended Complaint.[2]  On June 8, 2022, Mr. Carr filed an Amended Motion

---

[1] Counts One, Two and Three were originally dismissed for failure to plead required elements of the claim, in particular, damages and causation.  The Amended Complaint now includes allegations of damages and causation with respect to the VCPA portion of the Counts but as discussed herein, like the original Complaint, fails to plead the required elements of a 523(a)(2) claim.  Counts Five and Six were originally dismissed in part because the Complaint was not clear as to which Deed or Deeds Ms. Defot-Sido sought to avoid.  The Amended Complaint clarifies which deeds Ms. Defot-Sido seeks to avoid.
[2] On June 1, 2022, Ms. Carr filed her Motion to Adopt and Conform to James Carr Partial Motion to Dismiss.

to Partially Dismiss the Amended Complaint. (Doc. No. 49). Finally, on June 21, 2022, Ms. Defot-Sidot filed a Motion to Dismiss Counterclaim filed by the Defendant.

## Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. With respect to the dischargeability and fraudulent conveyance portions of the Amended Complaint, this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H), (I), and (O), in which final orders or judgments may be entered by a bankruptcy judge. With respect to the remaining matters, this is a non-core proceeding for which the parties are deemed to have consented to final adjudication by the bankruptcy court. *See* Doc. No. 7 (parties not consenting to final adjudication by the Bankruptcy Court must file a motion or withdraw the reference by a date certain). Venue is appropriate in this Court under 28 U.S.C. § 1409(a).

## Conclusions of Law

The standard for a motion to dismiss a complaint under Bankruptcy Rule 7012, incorporating Rule 12(b)(6) of the Federal Rules of Civil Procedure, is that the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court has further instructed that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).  A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp.*, 550 U.S. at 555.  The plausibility standard requires more than a "sheer possibility" *Ashcroft*, 556 U.S. at 678 (citation omitted); see *VIA Design Architects, PC, v. U.S. Dev. Co.*, Civ. No. 2:13cv555, 2014 WL 12527480, at *1 (E.D. Va. Jul. 9, 2014).

For purposes of a motion to dismiss under Rule 12(b), the Court must accept "as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012).  The Court "may consider documents attached to the complaint ... 'so long as they are integral to the complaint and authentic.'" *Id*. (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). The Court will not, however, defer to baseless conclusions. *Rowe v. Clarke*, Civ. Action No. 3:18-cv-780, 2019 WL 2477612, at *2 (E.D. Va. June 13, 2019). If the court finds that the contents of the complaint and attached documents state a plausible claim, the motion to dismiss must be denied.

Federal Rule of Civil Procedure 9(b), incorporated by reference by Federal Rule of Bankruptcy Procedure 7009, states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

**Ms. Carr's Motion to Adopt and Conform to James Carr's Motion to Partially Dismiss Amended Complaint**

4

As a preliminary matter, the Court will grant Ms. Carr's Motion to Adopt and Conform to

James Carr's Motion to Partially Dismiss Amended Complaint.  No party opposed the requested

relief, and no party will be prejudiced by it.  As a result, Mr. Carr's arguments will also be

attributed to Ms. Carr.

**Mr. Carr's Motion to Dismiss**

*Count One: Violation of Virginia Code § 59.1-200(A)(46) and Nondischargeability Under 11
U.S.C. § 523(a)(2)*

Count One of the Amended Complaint seeks (i) damages Ms. Defot-Sido asserts were

caused by Mr. Carr's alleged violation of Virginia Code § 59.1-200(A)(46) and (ii) a determination

that such damages are nondischargeable under section 523(a)(2) of the Bankruptcy Code.

Virginia Code § 59.1-200(A) (46), by cross reference to § 54.1-1115, prohibits a supplier

from

> Contracting for, or bidding upon the construction, removal, repair or improvements
> to or upon real property owned, controlled or leased by another person without a
> license or certificate, or without the proper class of license as defined in § 54.1-
> 1100 for the value of work to be performed.

Virginia Code § 59.1-204(A) provides in relevant part:

> Any person who suffers loss as the result of a violation of this chapter shall be
> entitled to initiate an action to recover actual damages, or $500, whichever is
> greater. If the trier of fact finds that the violation was willful, it may increase
> damages to an amount not exceeding three times the actual damages sustained, or
> $1,000, whichever is greater.

The Amended Complaint asserts that the Count One damages are nondischargeable because they

sound in fraud, so the Court turns to the necessary elements of a section 523(a)(2)(A) claim.

To establish that a claim is non-dischargeable under section 523(a)(2)(A), "a plaintiff must

prove four elements: (1) a fraudulent misrepresentation; (2) that induces another to act or refrain

from acting; (3) causing harm to the plaintiff; and (4) ... justifiable reliance on the

misrepresentation." *In re Romano*, 18-35464-KRH, 2019 WL 5204455, at *4 (Bankr. E.D. Va. Oct. 15, 2019) (citing *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 134 (4th Cir. 1999)). The Plaintiff must prove non-dischargeability under section 523 by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); see also Fed. R. Bankr. P. 4005.

Mr. Carr, in his Motion to Dismiss, asserts that the Amended Complaint fails to allege a knowingly false representation and that Ms. Defot-Sido cannot plausibly assert that the alleged misrepresentation was the proximate cause of the damages she asserts.  Mr. Carr also asserts that courts in Virginia have declined to allow plaintiffs to recover physical injury damages under the VCPA.  Doc. No.  41, p. 5.  The Court need not reach the latter points because the Court agrees that Ms. Defot-Sido has not alleged a knowingly false representation with respect to Count One.

The Amended Complaint does not plead a knowingly false representation nor does it plead the remaining elements of a 523(a)2)(A) action. The Amended Complaint merely recites allegations relating to the alleged violation of Section 59.1-204 of the Virginia Code.  The Amended Complaint then, in conclusory fashion[3], indicates that Count One sounds in fraud and proclaims that it should be nondischargeable under 523(a)(2).  In addition, the Court notes that the Plaintiff properly plead these missing elements in Count 4 of the Original and Amended Complaints.  As a result, the Court finds that any further amendment of this Count would be futile because the Court finds that Ms. Defot-Sido has already presented her best case with respect to Count I.  Ms. Defot-Sido has demonstrated that she knows how to properly plead the elements of a 523(a)(2) claim but simply chose not to with respect to this Count.  Because the Amended

---

[3] Contrary to Ms. Defot-Sido's argument, a statute's use of the word fraud or fraudulent does not per se render liability arising under that statute nondischargeable for fraud under the Bankruptcy Code.  The debt at issue must still meet the requirements of 11 U.S.C. § 523(a)(2).

Complaint fails to plead the required elements of the cause of action and the Court finds that

amendment would be futile, the Court has no choice but to dismiss Count One with prejudice.

*Count Two: Violation of Virginia Code §§ 59.1-200(A)(9) and (10) and Nondischargeability
Under 11 U.S.C. § 523(a)(2)*

Count Two of the Amended Complaint seeks (i) damages Ms. Defot-Sido asserts were

caused by Mr. Carr's alleged violation of Virginia Code §§ 59.1-200(A)(9) and (10) and (ii) a

determination that such damages are nondischargeable under section 523(a)(2) of the Bankruptcy

Code.  Virginia Code § 59.1-200(A) (9) and (10) prohibit a supplier from

> 9. Making false or misleading statements of fact concerning the reasons for,
> existence of, or amounts of price reductions;

and

> 10. Misrepresenting that repairs, alterations, modifications, or services have been
> performed or parts installed;

Violations of this statute are likewise compensable under Virginia Code § 59.1-204(A).

Similar to Count One, the Amended Complaint asserts that the Count Two damages are

nondischargeable because they sound in fraud.

Mr. Carr, in his Motion to Dismiss, asserts that Count Two should be dismissed largely for

the same reasons as Count One.  He also asserts that any purported misrepresentation in connection

with Count Two would have been made after Mr. Carr stopped work, and therefore would not be

the proximate cause of the damages that Ms. Defot-Sido asserts.  For the same reasons Count One

was dismissed with prejudice, the Court will also dismiss with prejudice Count Two for failure to

plead a knowing misrepresentation as well as failure to plead the required elements of the

nondischargeability claim.  As a result, the Court need not address Mr. Carr's remaining arguments

for Count Two or Ms. Defot-Sido's responses thereto.

7

*Count Three: Violation of Virginia Code § 59.1-200(A)(14) and Nondischargeability Under 11 U.S.C. § 523(a)(2)*

Count Three of the Amended Complaint seeks (i) damages Ms. Defot-Sido asserts were caused by Mr. Carr's alleged violation of Virginia Code § 59.1-200(A)(14) and (ii) a determination that such damages are nondischargeable under section 523(a)(2) of the Bankruptcy Code.

Virginia Code § 59.1-200(A)(14) prohibits a supplier from "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction[.]" Violations of this kind are also compensable under Virginia Code § 59.1-204(A). Similar to Count One, the Amended Complaint asserts that the Count Three damages are nondischargeable because they sound in fraud.

Mr. Carr, in his Motion to Dismiss, asserts that Count Three should be dismissed largely for the same reasons as Counts One and Two.  Mr. Carr also asserts that this Count should be dismissed because it is using a "catch-all" provision in the statute, rather than using the more specific sections that are available (and that were pled under Counts One and Two).  For the same reasons expressed with respect to Counts One and Two, the Court will also dismiss with prejudice Count Three for failure to plead a knowing misrepresentation as well as failure to plead the required elements of the nondischargeability claim.  As a result, the Court need not address Mr. Carr's remaining arguments for Count Three or Ms. Defot-Sido's responses thereto.

*Count Four: Fraud and Nondischargeability Under 11 U.S.C. § 523(a)(2)*

The Court has already declined to dismiss Count Four having found that Ms. Defot-Sido had stated a claim for relief.  The Court declines to revisit that ruling now.  Count Four will proceed to trial.

*Count Five: Avoidance of Fraudulent Transfer of House Under Va. Code § 55.1-400*

8

Count Five seeks to avoid the 2019 Deed under section 55.1-400 of the Virginia Code.  The

2019 Deed transferred the Defendant's home from Mr. and Mrs. Carr as tenants by the entirety to

Mrs. Carr individually.   Section 55.1-400 of the Virginia Code provides

> Every (i) gift, conveyance, assignment, or transfer of, or charge upon, any estate,
> real or personal, (ii) action commenced or order, judgment, or execution suffered
> or obtained, and (iii) bond or other writing given with intent to delay, hinder, or
> defraud creditors, purchasers, or other persons of or from what they are or may be
> lawfully entitled to shall, as to such creditors, purchasers, or other persons or their
> representatives or assigns, be void. This section shall not affect the title of a
> purchaser for valuable consideration, unless it appears that he had notice of the
> fraudulent intent of his immediate grantor or of the fraud rendering void the title of
> such grantor.

In order to proceed under this statute, Ms. Defot-Sido must have alleged that Mr. and Mrs. Carr

transferred their home, with the intent to delay, hinder, or defraud a creditor to whom a joint debt

was owed.  While not express in the statute, the plain language of the statute when read in the

context of property held as tenants by the entirety (at the time of transfer at least), requires that the

alleged creditor be one of both spouses.  It is black letter law that only joint debts may be paid

from such property and that both spouses are necessary to transfer the property.  Therefore, under

the circumstances, the relevant "transferor" under the statute is both Mr. and Mrs. Carr together,

and the existing creditor must hold a joint debt owed by both spouses.

Ms. Defot-Sido has not adequately pled this Count in the Amended Complaint because she

has not alleged that she held a joint debt of Mr. and Mrs. Carr at the time of the transfer.  Indeed,

in paragraph 78, Ms. Defot-Sido makes clear that her claims were against Mr. Carr alone.  Further,

because Ms. Defot-Sido clearly plead that she was only a creditor of Mr. Carr, the Court finds that

any attempt to cure this Count through an amendment would be futile.  Accordingly, because Ms.

Defot-Sido has failed to plead a required element of the claim, the Court will grant the Defendant's

Motion to Dismiss Count Five.  Because the Court finds that further amendment would be futile,
the Count will be dismissed with prejudice.

*Count Six: Avoidance of Voluntary Transfer of House Under Va. Code § 55.1-401*

Count Six also seeks to avoid the 2019 Deed, but under section 55.1-401 of the Virginia

Code.  Section 55.1-401 of the Virginia Code provides

> Every gift, conveyance, assignment, transfer, or charge that is not upon
> consideration deemed valuable in law, or that is upon consideration of marriage by
> an insolvent transferor or by a transferor who is thereby rendered insolvent, shall
> be void as to creditors whose debts were contracted at the time such gift,
> conveyance, assignment, transfer, or charge was made but shall not, on that account
> merely, be void as to creditors whose debts have been contracted, or as to
> purchasers who have purchased, after such gift, conveyance, assignment, transfer,
> or charge was made. Even though it is decreed to be void as to a prior creditor,
> because voluntary or upon consideration of marriage, it shall not, for that cause, be
> decreed to be void as to subsequent creditors or purchasers.

In order to proceed under this statute, Ms. Defot-Sido must have alleged that Mr. and Mrs. Carr

transferred their home for either no consideration or in consideration of marriage, and that the

transfer was made while they were insolvent, or the transfer rendered them insolvent, and that Ms.

Defot-Sido was a joint creditor of the Defendants at the time of the transfer.  Again, the Court finds

that the same joint-debt requirement is present in the instant statute for the same reasons stated

with respect to Count Five.  Ms. Defot-Sido has not adequately pled Count Six because she has

not alleged that she was a creditor of both Mr. and Mrs. Carr at the time of the transfer.  She only

alleges in paragraph 78 that she was a creditor of Mr. Carr.  Further, because Ms. Defot-Sido

clearly plead that she was only a creditor of Mr. Carr, the Court finds that any attempt to cure this

Count through an amendment would be futile. Therefore, because Ms. Defot-Sido has failed to

plead a required element of the claim, the Court will grant the Defendant's Motion to Dismiss with

respect to Count Six.  Because the Court finds that amendment would be futile, the Count will be

dismissed with prejudice.

*Count Seven: Determination and Declaration that the House is Part of the Bankruptcy Estate*

Count Seven seeks a determination or declaration that Mr. Carr, individually, continues to

own the 528 Highland Street NW property.  Since this Count was not previously included in the

original Complaint it is inappropriately raised for the first time in an Amended Complaint.

Nevertheless, the Court will determine whether the Count states a claim.

Ms. Defot-Sido, in Count Seven, alleges in relevant part as follows:

> At the time of the July 7, 2017 deeds from Mr. and Mrs. Carr to themselves and to
> Joseph L. Talmadge, as Trustee, all rights, title, and interests in and to the 528
> Highland Street NW property were held by Shaza L. Andersen and George W.
> Connors.

> Mr. Carr did not reacquire any rights, title, and interest in the 528 Highland Street
> NW property until July 27 or August 2, 2017.

It is on this basis that Ms. Defot-Sido asserts that the Court should declare that Mr. Carr alone

owns the home - effectively voiding the 2017 and 2019 Deeds.  First, the Court notes that it has

already dismissed Counts Five and Six which sought to avoid the 2019 Deed under Virginia law.

Moreover, the Amended Complaint does not assert a legitimate basis for otherwise voiding the

2017 and 2019 Deeds.

Ms. Defot-Sido takes the position that real property cannot be transferred subject to a deed

of trust and that therefore, any transfers following the grant of a deed of trust were void.  The Court

rejects the argument because it is not the law and Ms. Defot-Sido cites no applicable authority in

the Amended Complaint to support the proposition that the beneficial or equitable owner of

property cannot transfer such property (or an interest in such property) subject to a deed of trust

(i.e., without transferring the legal title to the property).  See *Air Power, Inc. v. Thompson*, 244

Va. 534, 537, 422 S.E.2d 768, 770 (1992) (observing that Virginia creditor deeds of trust vest legal title in the trustee while the beneficiary retains equitable title); *see also Univ. of Richmond v. Stone*, 148 Va. 686, 692, 139 S.E. 257, 260 (1927) (Supreme Court of Virginia recognizing transfers of equitable title subject to a deed of trust and observing general rule that the purchaser of equitable title stands in the seller's shoes).  Properties and interests therein that are both in and outside of bankruptcy are frequently transferred subject to liens, mortgages and deeds of trust.  For example, a debtor who takes out a home equity loan on property already encumbered by a first deed of trust has transferred an interest in property subject to a deed of trust.

Ms. Defot-Sido, using theories that are not pled in the Amended Complaint and that are only raised for the first time in her opposition (Doc. No. 56) argues that Count Seven should not be dismissed, citing *Grayson v. Westwood Buildings, L.P.*, 300 Va. 25, 859 S.E.2d 651, 666 (2021) for the proposition that section 55.1-400 of the Virginia Code allows for avoidance of a transfer that was made with the intent to defraud a future or subsequent creditor.  While the Court agrees that Virginia law may provide for such relief, in this case Ms. Defot-Sido did not request relief as a *future* creditor with respect to the 2017 Deed.  On the contrary, Paragraph 78 of the Amended Complaint alleges that Ms. Defot-Sido was an *existing* creditor of Mr. Carr (not of both spouses) when the 2019 Deed was signed.  Further, the *Grayson* decision itself described subsequent creditor cases as "'special case[s]' in which a subsequent creditor can set aside a transaction as fraudulent, a circumstance in which a 'debtor dispose[s] of his property, with intent to defraud those to whom he expects to become immediately or soon indebted[.]'" *Grayson*, 300 Va. 25, 52, n. 16 (2021).  Other than a conclusory statement in Count Five that Mr. Carr intended to injure creditors, including, Ms. Defot-Sido, the Complaint provides no allegations of Mr. Carr's fraudulent intent as it would relate to subsequent creditors.  *See* Amended Complaint, at paragraph

12

117 ("...intent and purpose of placing the house out of reach of Mr. Carr's creditors, intending to

delay, hinder, or defraud creditors, particularly Ms. Defot-Sido).  That paragraph mentions both

the 2017 and the 2019 Deeds (and only seeks to avoid the 2019 Deed, implicating only currently

existing creditors, even if not joint-creditors).    Indeed, Ms. Defot-Sido does not mention

subsequent or future creditors at any point throughout her pleading.  Given that Ms. Defot-Sido's

cited authority requires an intent to defraud future creditors and Ms. Defot-Sido has not made

allegations of such intent, the Court cannot find that the 2017 Deed is avoidable on the theories

argued by the Plaintiff.

The Court also notes that Count Seven, by its own terms, does not even include the

allegations of paragraph 117 (it only incorporates up through paragraph 84), nor does it cite any

of the forementioned authorities or statutory provisions.  It merely presents the theory that

property cannot be transferred subject to a deed of trust and asks for a declaration that the home

is part of the bankruptcy estate.  So, even if paragraph 117 could be read to refer to subsequent

creditors (which the Court will not do), Count Seven remains deficient.  The foregoing also

demonstrates that any attempt to legitimize this count through an amendment would be futile.

Accordingly, for these reasons, the Court will dismiss with prejudice Count Seven for

failure to state a claim.

**Ms. Defot-Sido's Motion to Dismiss Counterclaim**

In his Answer filed on May 31, 2022, Mr. Carr asserted a counterclaim against Ms.

Defot-Sido for breach of the Upper Floor and Main Floor Contracts.  Mr. Carr's counterclaim

seeks $150,000 in damages.  In particular, Mr. Carr alleged that:

…Ms. Defot-Sido intentionally and deliberately breached the Contract by taking a series of actions to force the Counterplaintiff and their Contractor off the property.

> a. Ms. Defot-Sido revised the renovation plans multiple times, causing delays and confusion;
>
> b. Ms. Defot-Sido approved the plans for a closet and the permit was obtained; after the closet had been built, Ms. Defot-Sido ordered it taken down and rebuilt;
>
> c. Ms. Defot-Sido changed plans for the children's bathroom multiple times;
>
> d. Ms. Defot-Sido never agreed to a plan for the basement, despite Carr asking her multiple times;
>
> e. Ms. Defot-Sido asked George's Construction to complete work that Dominion Power had not completed; the work was outside the scope of the Contracts.

Doc. No. 43, pp. 10-15 (Answer).  In short, the Counterclaim asserts that Ms. Defot-Sido micromanaged work and constantly made changes to items and plans, among other things.

The essential elements of a cause of action for breach of contract are: (1) a legal obligation of the defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff.  *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 168 S.E.2d 257, 259 (1969).  The first element requires the plaintiff to establish the existence of a valid contract. *Gulsen v. PNC Bank, Nat'l Ass'n*, Case No. 1:12-cv-202, 2012 WL 13018998, at *6 (E.D. Va. July 9, 2012).   A contract requires an offer, acceptance, and valuable consideration. *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 269 S.E.2d 838, 844 (1980).  At the outset, the Court notes that Ms. Defot-Sido views this contract as one that is unenforceable under the VCPA[4].  Assuming without deciding that

---

[4] Section 54.1-1115(C) provides

> C. A construction contract entered into by a person undertaking work without a valid Virginia contractor's license shall not be enforceable by the unlicensed contractor undertaking the work unless the unlicensed contractor (i) gives substantial performance within the terms of the contract

the contract is not unenforceable, the Court must determine whether Mr. Carr has alleged

a contractual legal obligation of Ms. Defot-Sido that has been breached.

Upon review of the Upper Floor Contract (Doc. No. 37-1, pp. 20-23), and the Main

Floor Contract (Doc. No. 37-1, pp. 26-31) the Court finds that the counterclaim fails to

identify a duty under the Contracts that Ms. Defot-Sido breached.   Ultimately the

Counterclaim only alleges one purported *contractual* duty that was breached by Ms. Defot-

Sido (emphasis added).   Mr. Carr asserts: "Ms. Defot-Sido had a contractual duty to allow

the Counterplaintiff to complete work in a reasonable manner and environment, consistent

with the express purpose of the Contracts."   Answer, p. 14.

This alleged duty is not included in the Upper Floor Contract or the Main Floor

Contract.   At most the Contracts indicate that the team needed to work without interruptions

and that interruptions would cause delay and additional charges.   *See* Doc. No. 37-1, pp.

20-23 (Upper Floor Contract); pp. 26-31 (Main Floor Contract).   In short, none of the

alleged breaches correspond with a contractual duty in either the Upper Floor Contract or

the Main Floor Contract.   Accordingly, because the Counterclaim fails to plead a

contractual duty that was breached by Ms. Defot-Sido, a required element of a breach of

contract claim, the Court will grant Ms. Defot-Sido's Motion to Dismiss Counterclaim.   In

addition, because the Counterclaim is predicated upon this Court ruling that there was a

contract with Mr. Carr, and because the only surviving Count of the Amended Complaint

sounds in fraud and expressly contemplates that the Contracts at issue are unenforceable

---

in good faith and (ii) did not have actual knowledge that a license or certificate was required by
this chapter to perform the work for which he seeks to recover payment.

The Court declines to decide at the pleading stage whether this statutory section is applicable to the case at
bar and if so whether any of the exceptions apply.

under Virginia law, the Court finds that any attempt to cure this Count through amendment

would be futile.  As a result, the Count will be dismissed with prejudice.

### Conclusion

Based on the foregoing, and as set forth herein, the Court will (i) grant Ms. Carr's

Motion to Adopt and Conform to James Carr's Motion, (ii) grant the Motion to Dismiss

Counterclaim, and (iii) grant the Motion to Partially Dismiss Amended Complaint,

dismissing with prejudice Counts One, Two, Three, Five Six and Seven.  Count Four will

proceed to a trial on the merits.

A separate Order will issue.

Date:  Nov 25 2022

/s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered On Docket: Nov 28 2022

Electronic copies to:

Peter Linn Goldman
Elias George Saboura-Polkovotsy
Justin Fasano
Kevin B. Bedell